# ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 5 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES ZIMMERMAN, MARV PINZON, and WILLIAM G. VAZQUEZ, <br><br>*Plaintiffs,* <br><br>v. <br><br>ROBERT R. ROCHE, ASHFORD S. McALLISTER, FRANK A. FERRARO, E. SCOTT PRETORIUS, QUANTUM MEDICAL RADIOLOGY, P.C., U.S. TELERADIOLOGY, L.L.C., U.S. MAMMO, L.L.C., NEUROSTAR SOLUTIONS, INC., NIGHTHAWK PHYSICIAN INVESTORS, LLC, and JOHN DOES 1 through 10, <br><br>*Defendants.* | Civil Action No. <br><br>**1:09-CV-0605** |

## DEFENDANTS' NOTICE OF REMOVAL

COME NOW Robert R. Roche, Ashford McAllister, Frank A. Ferraro, E. Scott Pretorius, Quantum Medical Radiology, P.C., U.S. Teleradiology, L.L.C., U.S. Mammo, L.L.C., Neurostar Solutions, Inc., and Nighthawk Physician Investors, LLC (collectively, "Defendants"), and pursuant to U.S.C. §§ 1441 and 1446, hereby remove the above-captioned lawsuit, and all claims and causes of action asserted therein, from the Superior Court of Fulton County, State of

Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, which is the judicial district and division in which the action is pending.

1. Plaintiffs James Zimmerman, Marv Pinzon, and William G. Vazquez (collectively, "Plaintiffs") filed the present action on February 4, 2009, in the Superior Court of Fulton County, State of Georgia, as Civil Action No. 09CV164122. Defendant Quantum Medical Radiology, Inc. received service of a summons and Plaintiffs' Complaint on February 5, 2009, and was the first Defendant to be served in this action.

2. This Notice of Removal is being filed within thirty (30) days of said filing and service and, thus, is timely under 28 U.S.C. § 1446(b).

3. All Defendants join in and consent to the removal of this action.

4. The defendants identified by Plaintiffs as John Does 1 through 10 are fictitious parties against whom no cause of action can validly be alleged. To the best of Defendants' information and belief, process has not been served against John Does 1 through 10, and as purely nominal defendants, these defendants are not required to join in removal with Defendants under 28 U.S.C. §§ 1441 and 1446.

5. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs' civil action arises under the laws of the United States. In particular, Plaintiffs appear to allege that one or more Defendants engaged in a violation of federal law, *i.e.*, the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*, and rules promulgated thereunder by the United States Securities and Exchange Commission. (*See* Pls.' Compl. ¶ 197 ("Defendants Ferraro, Roche, McAllister, Nighthawk and Neurostar perpetrated a fraud upon Zimmerman and Pinzon and are liable in damages and in equity for securities fraud under federal and Georgia securities laws[.]"); *see also* Pls.' Compl. ¶¶ 188-99.) The other bases for relief asserted by Plaintiffs in the action all arise out of a central fact pattern, and the same case or controversy, such that this Court has supplemental jurisdiction over them, and the additional parties joined in the same, pursuant to 28 U.S.C. § 1367(a).

7. Alternatively, this action is properly removable pursuant to 28 U.S.C. § 1441(c). Pursuant to 28 U.S.C. § 1441(c), "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." *See* 28 U.S.C. § 1441(c).

8. As set forth in paragraph 6, *supra*, Plaintiffs have asserted a claim within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Plaintiffs have joined with such a claim one or more separate, independent, and otherwise non-removable claims or causes of action, such that the entire case may be removed and this Court may determine all issues herein.

9. Pursuant to 28 U.S.C. § 1446(a), Defendants attach to this Notice as Exhibit "A," and incorporate by reference herein, copies of all the process, pleadings, and orders served upon them prior to removal of this action. Copies of all summons received by Defendants appear behind Tab 1.[1] A

---

[1] Notwithstanding a diligent review of their files, neither Defendants nor their counsel have been able to locate summons addressed to U.S. Teleradiology, L.L.C. or Nighthawk Physician Investors, LLC. Contemporaneous with this filing, Defendants have written

copy of the Complaint, with exhibits, appears behind Tab 2. Finally, a copy of the parties' Stipulation Extending Time for Defendants to Answer or Otherwise Respond to Complaint appears behind Tab 3.

10. In accordance with 28 U.S.C. § 1446(d), Defendants shall and will promptly provide written notice of this Notice of Removal to Plaintiffs, by and through their counsel of record. A true and correct copy of Defendants' Notice of Filing Notice of Removal is attached hereto as Exhibit B.

11. In accordance with 28 U.S.C. § 1446(d), Defendants shall and will likewise promptly file a duplicate copy of this Notice of Removal with the Clerk of the Superior Court of Fulton County, State of Georgia.

WHEREFORE, Defendants respectfully pray that this action be removed to the United States District Court for the Northern District of Georgia, Atlanta Division, and that the Superior Court of Fulton County, State of Georgia, proceed no further with respect to this action.

[*Signature of Counsel Appear on the Following Page*]

---

Plaintiffs' counsel and asked that, if Plaintiffs contend that such summons were in fact served on Defendants, counsel please produce copies of those summons to Defendants. In the event that Defendants receive such summons from Plaintiffs' counsel, they will amend their Notice of Removal accordingly.

Respectfully submitted this 5th day of March, 2009, by:

| ARNALL GOLDEN GREGORY LLP | DLA PIPER LLP (US) |
|---|---|
| *[signature]* | *[signature]* |
| Henry M. Perlowski | Paul N. Monnin |
| Georgia Bar No. 572393 | Georgia Bar No. 516612 |
| Edward A. Marshall | Laura T. Vogel |
| Georgia Bar No. 471533 | Georgia Bar No. 131108 |
| | |
| 171 17th Street, N.W. | One Atlantic Center |
| Suite 2100 | 1201 West Peachtree Street |
| Atlanta, Georgia 30363 | Suite 2800 |
| | Atlanta, Georgia |
| (404)873-8500 (telephone) | 30309-3450 |
| (404)873-8501 (facsimile) | |
| | (404) 736-7804 (telephone) |
| | (404) 682-7804 (facsimile) |
| *Attorneys for Robert R. Roche, Ashford S. McAllister, Frank A. Ferraro, E. Scott Pretorius, Quantum Medical Radiology, P.C., U.S. Teleradiology, L.L.C., U.S. Mammo, L.L.C., and Nighthawk Physician Investors, LLC* | *Attorneys for Defendant Neurostar Solutions, Inc.* |

## CERTIFICATE OF SERVICE

The attorney whose signature appears below certifies that he has this day served upon counsel for Plaintiffs the NOTICE OF REMOVAL to which this Certificate is attached by having caused to be deposited in the United States Mail, in a properly addressed envelope with adequate postage affixed, a copy of the NOTICE addressed as follows:

> David E. Spalten, Esq.
> Paul G. Williams, Esq.
> Daniel A. Cohen, Esq.
> KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
> One Midtown Plaza – Suite 1150
> 1360 Peachtree Street, N.E.
> Atlanta, Georgia 30309

This 5 th day of March, 2009.

/s/ Edward A. Marshall
Edward A. Marshall
Georgia Bar No. 471533