# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JAMES ZIMMERMAN, MARV PINZON, and WILLIAM G. VAZQUEZ,<br><br>    Plaintiffs,<br><br>v.<br><br>ROBERT R. ROCHE, ASHFORD S. MCALLISTER, FRANK A. FERRARO, E. SCOTT PRETORIUS, QUANTUM MEDICAL RADIOLOGY, P.C., U.S. TELERADIOLOGY, L.L.C., U.S. MAMMO, L.L.C., NEUROSTAR SOLUTIONS, INC., NIGHTHAWK PHYSICIAN INVESTORS, LLC, and JOHN DOES 1 through 10,<br><br>    Defendants.<br>_____<br><br>QUANTUM MEDICAL RADIOLOGY, P.C.,<br><br>    Counterclaim-Plaintiff,<br><br>v.<br><br>JAMES ZIMMERMAN, MARV PINZON, WILLIAM G. VAZQUEZ, JOSEPH CHRISTOPHER RUDÉ, III, and GEORGIA IMAGING ASSOCIATES, INC.,<br><br>    Counterclaim-Defendants. | Civil Action No. 09-CV-0605-AT |

## NOTICE OF TAKING THE DEPOSITION OF NEUROSTAR SOLUTIONS, INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6) that Plaintiffs by their undersigned counsel, will take the deposition upon oral examination of Defendant Neurostar Solutions, Inc. ("Neurostar"), regarding the matters for examination set forth in Schedule A, attached hereto. Pursuant to Fed. R. Civ. P. 30(b)(6), Neurostar is required to designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf regarding such matters.

PLEASE TAKE FURTHER NOTICE that the deposition will take place on Wednesday, January 4, 2012, at 10:00 o'clock a.m. at the offices of DLA PIPER LLP (US), One Atlantic Center, 1201 West Peachtree Street, Suite 2800, Atlanta, Georgia 30309-3450, and will be taken before a notary public or other officer authorized by law to administer oaths, will be stenographically recorded and may be recorded on audio and/or videotape. You are invited to attend and cross-examine.

This 8th day of December, 2011.

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP

By: /s/ Paul G. Williams
David E. Spalten
Georgia Bar No. 669010
Paul G. Williams
Georgia Bar No. 764925
Kelly S. Johnson
Georgia Bar No. 394884

One Midtown Plaza - Suite 1150
1360 Peachtree Street, N.E.
Atlanta, Georgia 30309
404-260-6080
404-260-6081 (fax)                *Attorneys for Plaintiffs*

## SCHEDULE A

## DEFINITIONS AND TERMS

(a)     <u>Defendants</u>.  As used herein, the terms "Defendants," shall refer to Robert R. Roche ("Roche"), Ashford S. McAllister ("McAllister"), Frank A. Ferraro ("Ferraro"), E. Scott Pretorius ("Pretorius"), Quantum Medical Radiology, P.C. ("QMR"), U.S. Teleradiology, L.L.C. ("UST"), U.S. Mammo, L.L.C. ("USM"), Neurostar Solutions, Inc. ("Neurostar"), and Nighthawk Physician Investors, LLC ("Nighthawk") and their attorneys, agents, representatives, or anyone acting or purporting to act in any manner on their behalf.  Each of the Defendants shall be referred to individually as a "Defendant."

(b)     <u>Neurostar</u>. The term "QMR" refers to Defendant Neurostar Solutions, Inc., as well as its past and present parent corporations, subsidiaries, affiliates, directors, officers, members, employees, agents, consultants, partners, representatives, and/or attorneys.

(c)     <u>Nighthawk</u>.  The term "Nighthawk" refers to Defendant Nighthawk Physician Investors, LLC, as well as its past and present parent corporations, subsidiaries, affiliates, directors, officers, members, employees, agents, consultants, partners, representatives, and/or attorneys.

(d) <u>Ferraro</u>. The term "Ferraro" refers to Defendant Frank A. Ferraro, as well as his past and present, affiliates, directors, officers, members, employees, agents, consultants, partners, representatives, and/or attorneys.

(e) <u>Plaintiffs</u>. As used herein, the term "Plaintiffs" shall refer to Plaintiffs James Zimmerman ("Zimmerman"), Marv Pinzon ("Pinzon"), and William G. Vazquez ("Vazquez"), and/or their attorneys, agents, representatives, or anyone acting or purporting to act in any manner on their behalf.

(f) <u>Action</u>. As used herein, the term "Action" shall refer to the above-captioned litigation *Zimmerman et al. v. Roche et al.*, Civil Action No. 09-CV-0605-AT, United States District Court for the Northern District of Georgia, Atlanta Division.

(g) <u>Document</u>. As used herein, the term "document" shall mean any and every writing, record, or tangible thing of every type and description that is or has been in your possession, control, or custody or the possession, control, or custody of anyone acting or purporting to act on your behalf in any manner, including one or more of your attorneys, agents or representatives, or of which you have information or knowledge, including without limitation: correspondence, memoranda, letters, papers, communications, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, maps, graphs, charts, reports,

surveys, minutes or statistical compilations, invoices, contracts, agreements, purchase orders, bulletins, circulars, diaries, and instructions, as well as any form of any electronic, digital, or any other audiovisual media, including without limitation pictures, films, magnetic diskettes or tapes, CDs, DVDs, cassettes, tapes, computer cards, emails or any other data compilation from which information can be obtained or translated, if necessary, into reasonably usable form by detection devices; as well as every draft or copy of any document described above that is not identical to the original identified or produced in response to this request, or any draft or copy that contains any commentary or notation whatsoever that does not appear in the original identified or produced in response to this request.

(h)     Relevant time period.  Unless otherwise stated in a given discovery request, the relevant time period applicable to these requests is from January 1, 2004 through the present.

(i)     Communication.  As used herein, the term "communication" shall include any oral utterance made, heard, or overheard whether in person, by telephone, or otherwise, as well as every document and any other mode of intentionally or unintentionally conveying meaning.

(j)     <u>And and Or</u>.  As used herein, the terms "and" and "or" shall mean "and/or" and shall be used conjunctively or disjunctively in order to broaden their meaning.

## DEPOSITION TOPICS

1.      Please identify and make available for deposition the Custodian of Records or other such person who is best qualified to testify regarding the authenticity and creation of the documents Neurostar produced to Plaintiffs in connection with this Action.

2.      Please identify and make available for deposition the person best qualified to testify regarding the contents of Neurostar's financial and accounting records and the transactions reflected therein.

3.      Please identify and make available for deposition the person best qualified to testify regarding Neurostar's corporate, common ownership, common management, financial, banking, credit, and any other relationships with any and all other Defendants.

4.      Please identify and make available for deposition the person best qualified to testify regarding all of Neurostar's financial, business and any other transactions of any type with any and all other Defendants.

5. Please identify and make available for deposition the person best qualified to testify regarding all of Neurostar's financial, business and any other transactions of any type with Plaintiffs and/or Counterclaim Defendants.

6. Please identify and make available for deposition the person best qualified to testify regarding any and all of Neurostar's written and any other communications with any and all other Defendants.

7. Please identify and make available for deposition the person best qualified to testify regarding any and all of Neurostar's written and any other communications with Plaintiffs and/or Counterclaim Defendants.

8. Please identify and make available for deposition the person best qualified to testify regarding Neurostar's policies and procedures regarding ownership and sale of Neurostar stock by Neurostar, including but not limited to any limitations on the number of permissible shareholders.

9. Please identify and make available for deposition the person best qualified to testify regarding Neurostar's policies and procedures regarding sale of Neurostar stock by its officers and/or directors, including but not limited to any limitations on the number of permissible shareholders and any mandatory disclosures that must be made in connection with such sales.

10.     Please identify and make available for deposition the person best qualified to testify regarding Neurostar's policies and procedures regarding issuance of Neurostar stock certificates and the maintenance of Neurostar's corporate books, including but not limited to its stock ledgers and corporate minute books.

11.     Please identify and make available for deposition the person best qualified to testify regarding Ferraro's status as a shareholder, agent, director or principal of Neurostar.

12.     Please identify and make available for deposition the person best qualified to testify regarding William Oakes' status as a shareholder, agent, director or principal of Neurostar.

13.     Please identify and make available for deposition the person best qualified to testify regarding any investment by Acorn, LLC, Nighthawk Physician Investors, LLC, or any of the Plaintiffs, the Counterclaim Defendants or any of the Defendants in Neurostar.

14.     Please identify and make available for deposition the person best qualified to testify regarding the status or value of any investment by any of the Plaintiffs, the Counterclaim Defendants and/or any of the Defendants in Neurostar.

15. Please identify and make available for deposition the person best qualified to testify regarding the current value of Neurostar stock.

16. Please identify and make available for deposition the person best qualified to testify regarding the value of Neurostar stock in 2005.

17. Please identify and make available for deposition the person best qualified to testify regarding any actions taken by Ferraro as a member of Neurostar's Board of Directors, including but not limited to on whose behalf Ferraro purported to act with regard to the purchase or sale of Neurostar stock.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing NOTICE OF TAKING THE DEPOSITION OF NEUROSTAR SOLUTIONS, INC. PURSUANT TO FED. R. CIV. P. 30(b)(6) with the Clerk of Court using the CM/ECF system which will automatically send electronic notification of this filing to the following attorneys of record:

| | |
|---|---|
| Henry M. Perlowski<br>Edward A. Marshall<br>ARNALL GOLDEN GREGORY LLP<br>171 17th Street, N.W.<br>Suite 2100<br>Atlanta, Georgia 30363<br><br>*Attorneys for Robert R. Roche, Ashford S. McAllister, Frank A. Ferraro, E. Scott Pretorius, Quantum Medical Radiology, P.C., U.S. Teleradiology, L.L.C., U.S. Mammo, L.L.C., and Nighthawk Physician Investors, LLC* | Arthur D. Brannan<br>Scott Lange<br>DLA PIPER LLP (US)<br>One Atlantic Center<br>1201 West Peachtree Street<br>Suite 2800<br>Atlanta, Georgia  30309-3450<br><br>*Attorneys for Defendant Neurostar Solutions, Inc.* |

This 8th day of December, 2011.

        /s/ Paul G. Williams
        Paul G. Williams
        Georgia Bar No. 764925