# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| JAMES ZIMMERMAN, MARV PINZON, and WILLIAM G. VAZQUEZ,<br><br>*Plaintiffs,*<br><br>v.<br><br>ROBERT R. ROCHE, ASHFORD S. McALLISTER, FRANK A. FERRARO, E. SCOTT PRETORIUS, QUANTUM MEDICAL RADIOLOGY, P.C., U.S. TELERADIOLOGY, L.L.C., U.S. MAMMO, L.L.C., NEUROSTAR SOLUTIONS, INC., NIGHTHAWK PHYSICIAN INVESTORS, LLC, and JOHN DOES 1 through 10,<br><br>*Defendants.*<br>_____<br><br>QUANTUM MEDICAL RADIOLOGY, P.C.,<br><br>*Counterclaim-Plaintiff,*<br><br>v.<br><br>JAMES ZIMMERMAN, MARV PINZON, WILLIAM G. VAZQUEZ, JOSEPH CHRISTOPHER RUDÉ, III, and GEORGIA IMAGING ASSOCIATES, INC.,<br><br>*Counterclaim-Defendants.*<br>_____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.<br>09-CV-0605-AT |

4475177v1

**DEFENDANTS ROBERT R. ROCHE, ASHFORD S. MCALLISTER, FRANK A. FERRARO, E. SCOTT PRETORIUS, QUANTUM MEDICAL RADIOLOGY, P.C., U.S. TELERADIOLOGY, L.L.C., U.S. MAMMO, L.L.C., AND NIGHTHAWK PHYSICIAN INVESTORS, LLC'S RESPONSE TO PLAINTIFFS' EMERGENCY MOTION FOR AN EXPEDITED HEARING AND SURREPLY IN OPPOSITION TO <u>PLAINTIFFS' MOTION TO EXTEND DISCOVERY</u>**

COME NOW Defendants Robert R. Roche, Ashford S. McAllister, Frank A. Ferraro, E. Scott Pretorius, Quantum Medical Radiology, P.C., U.S. Teleradiology, L.L.C., U.S. Mammo, L.L.C., and Nighthawk Physician Investors, LLC (collectively, "Defendants") and respectfully submit this, their Response to Plaintiffs' Emergency Motion for an Expedited Hearing and Surreply in Opposition to Plaintiffs' Motion to Extend Discovery,[1] stating as follows:

## INTRODUCTION

It is understandably frustrating to Defendants, and likely equally so to the Court, that Plaintiffs have continued to add to their litany of discovery grievances in order to make it appear that discovery in this case cannot conclude within the fourteen and a half months the Court has already afforded them. Accusations such as those contained in Plaintiffs' papers (*e.g.*, of "obfuscation, bullying and delay"), however ill-founded, create the impression of

---

[1] Defendants do not wish to burden the Court any more than it has already been burdened with voluminous filings related to this controversy. Insofar as this filing constitutes a Surreply in Opposition to Plaintiffs' Motion to Extend Discovery, it addresses only those new arguments articulated for the first time in Plaintiffs' Reply Brief (Doc. No. 109).

2

4475177v1

intransigence on the part of their opponents when nothing could be further from the truth. Rather than responding to such incendiary accusations in kind, Defendants simply observe that the parties were well-placed to end discovery by January 5, 2012—and, in light of Judge Jones's provisional extension of the discovery period for another two weeks, are in an even better position to do so by January 19, 2012. Plaintiffs have had months to raise and work through the parade of alleged discovery "imperfections" about which they now complain. Their inexcusable delay in raising such issues, and their failure to timely identify an expert in this case, should not be rewarded by pushing this case into a fourth year of litigation.

## ARGUMENT

At the outset, Defendants wish to make clear that they do not oppose a conference with the Court, if the Court would find such a conference a productive use of its resources. Although they appreciate the justifiable distaste the Court has for discovery disputes, Defendants would welcome the opportunity to fully address the merits (or lack thereof) of Plaintiffs' arguments. Understanding, however, that this controversy is likely better-suited to resolution on the papers, Defendants take this opportunity to briefly address some of the more serious misstatements contained in Plaintiffs' Motion and

Reply in Support of their Motion to Extend Discovery.

## I. Plaintiffs' Arguments Lack Merit.

### A. Plaintiffs Have Produced No Expert Report, "Portions" or Otherwise.

First, Defendants are baffled by Plaintiffs' assertion that they "are angling to enlist the Court's assistance in depriving Plaintiffs of any expert testimony despite having been provided relevant portions of an expert report earlier in these proceedings." (*See* Mot. (Doc. No. 110) at p. 2.)  First, Defendants are not trying to "deprive" Plaintiffs of anything.  Plaintiffs' failure to identify an expert or to produce an expert report within the timeframe required by the local rules is not a fault that can be put on their adversaries.  *See* LR 26.2(C), NDGa.[2]  More importantly, Defendants are altogether at a loss to understand the representation that Plaintiffs have "provided [Defendants with] relevant portions of an expert report earlier in these proceedings."  (*See* Mot. (Doc. No. 110) at p. 2.)

---

[2] Plaintiffs assert that providing a few more months of discovery so that expert discovery can proceed would not "prejudice" Defendants in any way.  Even putting aside the fact that such discovery would thrust massive additional expenditures on Defendants, Plaintiffs' argument misses the point.  To borrow from this Court, "Plaintiffs' argument that Defendants are not prejudiced by the untimely identification of [an expert] is of no moment because Local Rule 26.2(C) does not require that Defendants demonstrate prejudice in order to have [the designee] excluded as an expert witness. Rather, the rule provides that any party who fails to comply with the rule 'shall not be permitted to offer the testimony of the party's expert, unless expressly authorized by court order based upon a showing that the failure to comply was justified.'" *Williams v. Energy Delivery Servs., Inc.*, No. 1:04-CV-3101-CC, 2005 WL 5976570, at *3 (N.D. Ga. Sept. 6, 2005); *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1195 (N.D. Ga. 2005) (holding likewise).

4

Defendants have received nothing of the sort. Indeed, they are unaware of who this alleged "expert" is even supposed to be.

> **B. Plaintiffs' Resurrection of Arguments Contained in Prior Filings Does Not Justify an Extension of the Discovery Period.**

Turning to the panoply of alleged "issues" articulated in Plaintiffs' Motion for an Expedited Hearing, those subjects listed in paragraphs (2), (3), (8), (9), and (10) have been addressed in Defendants' Response in Opposition to Plaintiffs' Motion to Extend Discovery. (*See* Doc. No. 106.) Defendants see no need to belabor those points in this filing. Rather, it is sufficient to say that whatever "prejudice" Plaintiffs contend that they suffered by the late production of three documents and identification of one witness has been fully "remedied" by Defendants' willingness to make the witness (Ms. Duncan) available within the period, and their offer to make Dr. Roche available for a resumed deposition on those documents this week—all on days that Plaintiffs previously communicated their availability. Judge Jones's provisional allowance of another two weeks of discovery has made deposing these witnesses within the period all the more achievable. (*See* Order (Doc. No. 111).) Nevertheless, Plaintiffs have ignored Defendants' accommodation offers, preferring instead to leave these issues "unresolved" so that they can cite them as fodder in support of their Motion to

5

Extend Discovery.

### C. Witnesses' Understandable Lack of Memory Regarding Certain Events is No Reason to Extend Discovery.

Turning to those subjects raised in (4) and (5) of Plaintiffs' filing, it is true that certain Defendants have been unable to recall with exacting clarity the circumstances surrounding two draft agreements that appear to have been prepared in 2002 and 2004.[3]  The passage of several years may have blurred recollections about these documents, which, at least from Defendants' perspective, are immaterial to this controversy.  But, Defendants fail to understand how granting Plaintiffs additional months of discovery would be an appropriate response to two witnesses' honest lack of memory.  And, Plaintiffs still have the opportunity—if they choose to pursue it—to resume Dr. Roche's deposition about these two documents, and to ask questions of the Rule 30(b)(6) witness about these same documents, all *within* the existing discovery period. Their failure to pursue those opportunities should not be exploited to extract still more discovery from the Court.

### D. Plaintiffs' Arguments Regarding Defendants' Rule 30(b)(6) Designee(s) are Flatly Contradicted by the Record.

Next, Plaintiffs argue that "Defendants' counsel contends [that]

---

[3] Plaintiffs' election to file confidential excerpts of the depositions with the Court in an effort to bolster their position, in clear violation of the Confidentiality Order, is troubling.

6

4475177v1

Defendants have no duty to educate their Rule 30(b)(6) designees beyond the direct personal knowledge they already possess[.]" (*See* Mot. at p. 4.) That is simply untrue. As Defendants made clear in their Response in Opposition to Plaintiffs' Motion to Extend the Discovery Period (Doc. No. 106), "Defendants have repeatedly affirmed their commitment to produce a designee to answer questions about those topics, and to take reasonable steps to become educated about those topics (insofar as that is possible, given the vagueness of many of the topics within the notices), *even as to those topics Defendants find objectionable*." (*See* Resp. at p. 14 (emphasis supplied).) While a Rule 30(b)(6) designee cannot be expected to divine knowledge that is simply not available to a corporate-defendant, Defendants' designee has worked tirelessly to accumulate whatever knowledge can be gained about the subjects contained in Plaintiffs' Rule 30(b)(6) notices since receiving the same.

Astoundingly, however, within just minutes after Judge Jones gave Plaintiffs an additional two weeks to pursue discovery in this case, Plaintiffs unilaterally cancelled the scheduled Rule 30(b)(6) depositions—which had been set to begin the following morning—until such time as this Court rules on their Motion to Extend Discovery. (*See* Dec. 27, 2011 Spalten Email Chain, attached hereto as Exhibit "A.") Despite a request from Defendants to reconsider that

position, out of respect for the time of a Rule 30(b)(6) designee who had worked countless hours around the Christmas holiday to prepare for his depositions, Plaintiffs have refused to do so. (*Id.*) Plaintiffs' election to squander the additional time they have been given by this Court for discovery is perhaps the most salient factor militating against any further extension of the discovery period now.

> E.  **Plaintiffs' Lack of Diligence in Raising Perceived "Gaps" in Defendants' Document Production Should not be Rewarded.**

Next, Plaintiffs argue that "Defendants have . . . failed to produce many important financial documents necessary for a complete analysis of the relationship between Defendants [QMR and UST]." (*See* Mot. at p. 4.) Although the basis for this assertion is unclear, it is apparently a reference to an email that Plaintiffs' appended to their Reply Brief in Support of Motion to Extend the Discovery Period. (*See* Reply (Doc. No. 109) at p. 6 & Ex. "E.") In that December 23, 2011 email, Plaintiffs' counsel—for the *first time* in well over a year of discovery—complained that certain records pertaining to UST had not been produced. (*Id.*) What is curiously absent from Plaintiffs' papers is Defendants' response to that email, which was sent later that afternoon. (*See* Dec. 23, 2011 Spalten Email, attached hereto as Exhibit "B.") Therein, Defendants observed

4475177v1

that many of the documents Plaintiffs complained were "missing" had in fact been produced, and directed Plaintiffs to the Bates-ranges containing those documents. (*Id.*) Defendants then asked Plaintiffs to more carefully review their productions and, if they believed any documents were—in fact—absent, that they identify the Requests for Production to which such documents would have been responsive. (*Id.*) Despite assurances from Plaintiffs' counsel that they would do so "as soon as practicable," Plaintiffs spent the ensuing days preparing further briefing on their Motion to Extend Discovery rather than addressing their perceived "need" for these allegedly unproduced documents. (*Id.*)

The timing of Plaintiffs' grievances betrays a remarkable lack of diligence in pursuing discovery that should not be rewarded. As explained in Defendants' earlier filings, Defendants produced the overwhelming bulk of their documents in early summer of 2011, and completed ninety-nine percent of their production—almost 30,000 pages—by September. Throughout that time, they invited Plaintiffs to identify any further documents they contended were responsive so that the parties could meet and confer on those issues. (*See* May 24, 2011, June 9, 2011, and July 14, 2011 Marshall Letters, attached hereto collectively as Exhibit "C.") Plaintiffs have on occasion raised concerns about "gaps" in those productions, and in each instance, Defendants have worked to

9

promptly supply Plaintiffs additional documents where such documents existed (even when those documents had been made available to Plaintiffs previously, and Plaintiffs failed to mark them for copying). Defendants' conduct in responding to Plaintiffs' concerns is the very sort of conciliatory, good faith dialogue that the Court encourages in its Guidelines to civil litigants. (*See* Guidelines to Parties and Counsel in Cases Proceeding Before the Honorable Amy Totenberg (Doc. No. 101) at pp. 11-12.) And, yet, those good faith efforts are what Plaintiffs now attempt to exploit to secure still more discovery.

> F. **Defendants' Desire to Depose Plaintiffs' Belatedly Identified Witness Does not Justify an Extension of Discovery.**

As Defendants have elsewhere explained:

> Defendants have expressed an interest in deposing a witness Plaintiffs themselves identified [late in the week of December 12] as having knowledge regarding Defendants' finances and transactions with one another. This witness, Mr. Dan Muchnick, is an accountant retained as a consultant by Plaintiffs, and never worked for Defendants' organizations. Defendants interest in deposing Mr. Muchnick, therefore, is simply to ensure that Plaintiffs are not attempting to circumvent the rules regarding the designation of experts by having a witness—with no personal knowledge of the facts—opine on matters at issue in this controversy . . . . And, if Plaintiffs are prepared to acknowledge Mr. Muchnick's lack of personal knowledge of those facts, then such a deposition may well be unnecessary.

(*See* Resp. (Doc. No. 106) at p. 9 n.5.) Plaintiffs' final argument in support of their

Motion to Extend Discovery is that the day Defendants have proposed examining Mr. Muchnick, January 3, 2012, is the same day Defendants have offered to make their records custodian, Ms. Duncan, available for deposition. (*See* Reply (Doc. No. 109) at p. 7.)  The flaws in that argument are readily apparent.

At the outset, both Mr. Muchnick's and Ms. Duncan's depositions should take no more than two to three hours.  The first is a witness with no personal knowledge about the subjects about which Plaintiffs contend he is prepared to testify, while Ms. Duncan can only lay a foundation for certain financial statements that may be relevant to a buy-out formula (an ability shared by Defendants' Rule 30(b)(6) designee).  Even if, as Plaintiffs contend, only their lead counsel is qualified to take these depositions, the depositions could be done in a single day on which all parties have indicated their availability. (*See* Reply (Doc. No. 109) at p. 7.)  Further, now that Plaintiffs have secured an "emergency" two-week extension of discovery from Judge Jones, proceeding with Mr. Muchnick's deposition at some time between January 5, 2012 and January 19, 2012 should pose no obstacle to the completion of discovery *within* the thrice-extended discovery period.

In any event, however, Plaintiffs' late supplementation of their Initial

11

Disclosures to include new subjects about which Mr. Muchnick can allegedly testify does not supply *them* with the requisite "good cause" for an extension of the discovery period over their opponents' objections.

## II. Plaintiffs' Attempts to Secure Tardy Expert Discovery Should not be Rewarded.

With all due respect to their adversaries, Defendants submit that the strategy animating Plaintiffs' eleventh hour (and continually evolving) enumeration of discovery grievances is remarkably transparent. Unable to articulate any justification for their failure to identify an expert within the discovery period, *see* LR 26.2(C), NDGa., Plaintiffs have attempted to heap upon their opponents accusations of "bad faith" and "obfuscation" in response to even the slightest alleged discovery imperfection. When those accusations prove demonstrably untrue (as was the case with the "Attorneys' Eyes Only" designations), or the imperfections are shown to be easily remediable within the discovery period (*e.g.*, by making a previously deposed opponent available for a few minutes of additional questioning), Plaintiffs neither back away from their positions nor accept Defendants' reasonable proposals. Instead, they go back to the drawing board and manufacture new alleged grievances. It appears to be Plaintiffs' aim to so muddy the record through a multiplicity of alleged wrongs

12

and heated rhetoric that, if for no other reason than exasperation, the Court will simply grant them more time and allow them to push the parties into a new chapter of expert discovery, notwithstanding their failure to identify an expert within the (more than ample) time provided by the local rules.

Again, Defendants respectfully submit that such tactics should not be rewarded. If the Court were inclined, despite Defendants' objections, to permit any further discovery, then such discovery—outside the close of the thrice-extended discovery period—should be limited to addressing the *precise* imperfections (if any) that might arguably warrant such leave. *See Branch v. Life Ins. Co. of N. Am.*, No. 4:09-CV-12 (CDL), 2009 WL 3781217, at *5 (M.D. Ga. Nov. 11, 2009) (reopening discovery for "limited purpose," and holding that "[n]o additional discovery shall be permitted during the extended discovery period"). An extension for plenary or expert discovery at this late date is simply unwarranted. After fourteen and a half months, discovery in this case should come to an end.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that Plaintiffs' Motion for an Extension of Discovery be denied. Plaintiffs' failure to identify an expert in conformity with the local rules should not force all litigants

13

to this case into a fourth year of litigation.

This 27th day of December, 2011.

> ARNALL GOLDEN GREGORY LLP
>
> /s/ Edward A. Marshall
> Henry M. Perlowski
> Georgia Bar No. 572393
> henry.perlowski@agg.com
> Edward A. Marshall
> Georgia Bar No. 471533
> edward.marshall@agg.com
>
> 171 17th Street, NW
> Suite 2100
> Atlanta, Georgia 30363
> Tel: 404.873.8536
> Fax: 404.873.8537
>
> *Attorneys for Defendants Robert R. Roche, Ashford S. McAllister, Frank A. Ferraro, E. Scott Pretorius, Quantum Medical Radiology, P.C., U.S. Teleradiology, L.L.C., U.S. Mammo, L.L.C., and Nighthawk Physician Investors, LLC*

# CERTIFICATE OF SERVICE

The attorney whose signature appears below certifies that he has this day filed DEFENDANTS ROBERT R. ROCHE, ASHFORD S. MCALLISTER, FRANK A. FERRARO, E. SCOTT PRETORIUS, QUANTUM MEDICAL RADIOLOGY, P.C., U.S. TELERADIOLOGY, L.L.C., U.S. MAMMO, L.L.C., AND NIGHTHAWK PHYSICIAN INVESTORS, LLC'S RESPONSE TO PLAINTIFFS' EMERGENCY MOTION FOR AN EXPEDITED HEARING AND SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND DISCOVERY, to which this Certificate is attached, with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

David E. Spalten, Esq.
Paul G. Williams, Esq.
Daniel A. Cohen, Esq.
KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
One Midtown Plaza – Suite 1150
1360 Peachtree Street, N.E.
Atlanta, Georgia 30309

Arthur Daniel Brannan, Esq.
Scott Andrew Lange, Esq.
DLA PIPER LLP (US)
One Atlantic Center
1201 West Peachtree Street
Suite 2800
Atlanta, Georgia 30309

This 27th day of December, 2011.

/s/ Edward A. Marshall
Edward A. Marshall
Georgia Bar No. 471533

4475177v1