Exhibit "A"

## Marshall, Edward A.

| | |
|---|---|
| **From:** | David Spalten <dspalten@kasowitz.com> |
| **Sent:** | Tuesday, December 27, 2011 5:16 PM |
| **To:** | Marshall, Edward A.; Paul G. Williams; Perlowski, Henry M.; Kananen, Theresa Y.; Scott.Lange@dlapiper.com; Arthur.Brannan@dlapiper.com |
| **Cc:** | Susan Revell |
| **Subject:** | RE: Zimmerman, et al. v. Roche, et al.: QMR and UST 30(b)(6) Depositions |

Ed,

This email will briefly reconfirm we are postponing the Rule30b6 depositions of QMR and UST pending at least the results of our further meet and confer efforts and potentially the Court's ruling on our motion to extend the discovery period. We will send you further meet and confer correspondence on this and other topics tomorrow.

David


David E. Spalten
Kasowitz, Benson, Torres & Friedman LLP
1360 Peachtree Street, N.E., Suite 1150
Atlanta, Georgia 30309
Tel. (404) 260-6107
Fax (404) 393-8597
dspalten@kasowitz.com

**From:** Marshall, Edward A. [mailto:edward.marshall@agg.com]
**Sent:** Tuesday, December 27, 2011 4:28 PM
**To:** Paul G. Williams; Perlowski, Henry M.; Kananen, Theresa Y.; Scott.Lange@dlapiper.com; Arthur.Brannan@dlapiper.com
**Cc:** David Spalten; Susan Revell
**Subject:** RE: Zimmerman, et al. v. Roche, et al.: QMR and UST 30(b)(6) Depositions

Paul,

Our designee has spent the last two weeks preparing for his depositions, and has worked diligently to educate himself about the topics in your notices. As a firm, we

1

have invested substantial time ensuring that his preparation has been as comprehensive as possible, notwithstanding the flaws in those notices. We are ready to go forward tomorrow and Friday. I do not believe that any of the "issues" you belatedly identified justify calling off the depositions, nor do I believe it is fair to squander the additional time you have been given by calling of depositions that are set to proceed. Certainly, it undercuts any remaining suggestion that Plaintiffs are diligently pursuing discovery in this case.

I would ask that you please reconsider your position.

Regards,

Ed

Edward A. Marshall
Arnall Golden Gregory LLP
T: 404-873-8536
F: 404-873-8537
edward.marshall@agg.com

---

**From:** Paul G. Williams [mailto:pwilliams@kasowitz.com]
**Sent:** Tuesday, December 27, 2011 4:07 PM
**To:** Marshall, Edward A.; Perlowski, Henry M.; Kananen, Theresa Y.; Scott.Lange@dlapiper.com; Arthur.Brannan@dlapiper.com
**Cc:** David Spalten; Susan Revell
**Subject:** Zimmerman, et al. v. Roche, et al.: QMR and UST 30(b)(6) Depositions
**Importance:** High

Ed:

We received the Court's Order extending the discovery period two weeks to January 19, 2012. We understand Judge Totenberg is on vacation and will address the Motion to Extend the Discovery Period upon her return. As there are still discovery issues to be resolved and we are seeking additional discovery, we are postponing the QMR and UST 30(b)(6) depositions that are set for tomorrow, December 28, 2011, and Friday, December 30, 2011, pending a ruling from Judge Totenberg on the Motion to Extend Discovery. We will contact you to reschedule these depositions after we get the Judge's ruling.

Sincerely,

Paul

Paul G. Williams
Kasowitz, Benson, Torres & Friedman LLP
1360 Peachtree Street, N.E., Suite 1150
Atlanta, Georgia 30309
Tel. (404) 260-6102
Fax (404) 393-9752
PWilliams@kasowitz.com

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.

**Note:**
This message and any attachments from the law firm Arnall Golden Gregory LLP may contain CONFIDENTIAL and legally protected information. If you are not the addressee and an intended recipient, please do not read, copy, use or disclose this communication to others; also, please notify the sender by replying to this message, and then delete it from your system. Thank you.

Exhibit "B"

# Marshall, Edward A.

| | |
|---|---|
| **From:** | David Spalten <dspalten@kasowitz.com> |
| **Sent:** | Friday, December 23, 2011 5:17 PM |
| **To:** | Kananen, Theresa Y. |
| **Cc:** | Paul G. Williams; Susan Revell; Kelly Johnson; Marshall, Edward A.; Perlowski, Henry M. |
| **Subject:** | RE: QMR v. Zimmerman: UST document request follow-up |

Theresa,

We appreciate the response and are following up on the issues you've raised. We will be back in touch as soon as practicable.

David


David E. Spalten
Kasowitz, Benson, Torres & Friedman LLP
1360 Peachtree Street, N.E., Suite 1150
Atlanta, Georgia 30309
Tel. (404) 260-6107
Fax (404) 393-8597
dspalten@kasowitz.com

**From:** Kananen, Theresa Y. [mailto:Theresa.Kananen@AGG.com]
**Sent:** Friday, December 23, 2011 4:48 PM
**To:** Kelly Johnson; Marshall, Edward A.; Perlowski, Henry M.
**Cc:** David Spalten; Paul G. Williams
**Subject:** RE: QMR v. Zimmerman: UST document request follow-up

Kelly,

As you know, Ed is defending the deposition of Dr. McAllister today, and Henry is out of the office dealing with a family medical need. That said, I wanted to address the perceived inadequacies first raised in your email this morning.

It is understandably frustrating that your firm chose to raise these issues today, with just nine business days left in discovery. As Ed has repeatedly related to you, it has always been our goal to provide you with whatever documents you

1

reasonably required to prepare your case. Ed made that clear, I believe, in his communication to you dated May 24, 2011, and again on June 9, 2011, and again on July 14, 2011. He has also repeatedly encouraged you to promptly communicate any perceived "gaps" in our production, and, from time to time, you have done so. In each instance, we have constructively met and conferred with you and supplemented our production as appropriate, including producing documents that had previously been made available to you in the twenty-six boxes at our offices, but which you and Mr. Muchnick did not initially mark for production. Despite the "need" you now indicate you have for these documents, this is the first we have heard of it. To wait and raise perceived deficiencies now, immediately before the Christmas holiday, and with only a few short days in discovery remaining (most of which have been dedicated to depositions in this case), gives us extremely limited time to meet and confer on these issues. Plainly, that is a delay that cannot be attributed to us.

Although we understandably have not had the time to re-review our 30,000 page production and all the boxes we previously made available to you since receiving your email this morning, even my quick review of those documents demonstrates that many of the documents you now complain not to have received have either already been produced to you or were contained in the twenty-six boxes we made available to you back in April of this year. We would direct your attention to, for example, QMR-0018004 -0018268, QMR-0018271-18710, QMR-0018342-0018368, QMR-0026756-0026960, and QMR-0026961-0027370. Likewise, it appears that many more of UST's financials were in the twenty-six boxes made available to you in April. Our records reflect that you did not elect to have that material copied and, as a review of our correspondence makes clear, you have never before indicated that you found either our production or your copy set lacking in that regard.

Furthermore, it is not at all clear to us that the documents you now claim to require access to were reasonably encompassed in your Requests for Production. For example, concerning the revenue and expense accounts, we do not believe your Requests could have been fairly read to require UST to produce five years' worth of invoices and/or back up detail for all of its accounts (and such a request would be unduly burdensome in any event). Similarly, Defendants could not be expected to intuit your desire to review the particular "back-up" documentation for a select three out of many revenue and expense accounts.

I would ask that you please more carefully review your production (including the Bates ranges identified above) and let us know precisely: (a) what documents you continue to contend are lacking; and (b) the particular Requests for Production to

which you contend those documents would have been responsive. After receiving that, we will confer with you in good faith and will evaluate your request, even to the point of producing documents to you that were contained in the twenty-six boxes, but not earlier selected by you and Mr. Muchnick for copying. We will work, as we always have, to promptly respond to your requests. That said, the timing of your email relative to the Christmas holiday and the existing deposition schedule plainly makes responding to your December 28, 2011 deadline problematic.

Finally, I would ask that you please respond to our previous requests that you produce documents responsive to our Third Requests for Production to Counterclaim-Defendants. To date, we have received nothing.

Best regards,

Theresa



**Theresa Kananen**
Litigation Associate

phone 404.873.7010
fax 404.873.7011

theresa.kananen@agg.com
www.agg.com

171 17th Street NW
Suite 2100
Atlanta, GA 30363

---

**From:** Kelly Johnson [mailto:kJohnson@kasowitz.com]
**Sent:** Friday, December 23, 2011 11:32 AM
**To:** Marshall, Edward A.; Perlowski, Henry M.; Kananen, Theresa Y.
**Cc:** David Spalten; Paul G. Williams; Susan Revell
**Subject:** QMR v. Zimmerman: UST document request follow-up

Dear Ed,

    I am writing to address the issue of UST's incomplete production of financial records. We have reviewed UST's document production, including the twenty-six boxes of documents that were at your office, and compiled the following list of documents that UST has yet to produce. We must have these documents to prepare the case. This list is not all-inclusive, and we reserve the right to supplement it.

- Financial statements, balance sheets and income statements, for the years ended December 31, 2006 and December 31, 2007.
- Detail general ledger for the years ended December 31, 2002 through 2007.
- For the revenue account, "Professional Fees-QMR", a copy of all invoices posted to this account for the years ended December 31, 2002 through 2007, showing detail of amounts billed.
- For the expense account, "Purchased Svc-MD", a copy of all invoices posted to this account including amount paid, rate at which paid and to whom paid.
- For expense account, "Guaranteed Payments", the detail of the amount paid and to whom paid.

Please produce these documents by Wednesday, December 28, 2011, or Plaintiffs will be forced to file a motion to compel production and for sanctions. Please let us know if you have any questions or would like to discuss these matters further. As always, we hope that the parties will be able to amicably resolve their differences through the meet and confer process.

Regards,
Kelly


Kelly S. Johnson
Kasowitz, Benson, Torres & Friedman LLP
1360 Peachtree Street, N.E., Suite 1150
Atlanta, Georgia 30309
Tel. (404) 260-6112
Fax (404) 393-8943
kJohnson@kasowitz.com

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.

**Note:**
This message and any attachments from the law firm Arnall Golden Gregory LLP may contain CONFIDENTIAL and legally protected information. If you are not the addressee and an intended recipient, please do not read, copy, use or disclose this communication to others; also, please notify the sender by replying to this message, and then delete it from your system. Thank you.

Exhibit "C"

## Kananen, Theresa Y.

| | |
|---|---|
| **From:** | Marshall, Edward A. |
| **Sent:** | Tuesday, May 24, 2011 3:13 PM |
| **To:** | 'Kelly Johnson' |
| **Cc:** | Perlowski, Henry M.; Kananen, Theresa Y. |
| **Subject:** | RE: James Zimmerman et al. v. Robert R. Roche et al.: Document review |

Kelly,

Thanks for your email. I am actually heading out of town this evening for a TRO and will be in court later in the week. That said, I would invite you to speak with my colleague, Theresa Kananen (copied above), regarding the logistics of the document review. Because our lead paralegal is in trial this week, it may make more sense to make the documents available for inspection early next week.

In terms of logistics, we will corral the boxes into a conference room for you. We would ask that you please keep them in order, but you can flag the documents you want copied. At that point, we will send them off to a vendor, and will split the cost of copying among the two of us (as well as Neurostar, if they want a copy as well). We would also plan on applying any applicable confidentiality or AEO designations at that time, so your copy set will reflect those designations.

We believe that those documents, along with those we have already produced in discovery, will satisfy your clients' discovery requests. Nevertheless, our aim is to provide you with whatever accounting data you reasonably need to make the calculations your clients contend are relevant to this controversy. We have asked in our Interrogatories that you specify the accounting records you want, but the responses we have received have been somewhat nebulous. That said, please let me know if, following your review, there are any specific accounting records that you believe are responsive to discovery that have not been produced.

Please let me know if you have any questions or concerns regarding the protocol outlined above.

Best regards,

Ed

Edward A. Marshall
Arnall Golden Gregory LLP
T: 404-873-8536
F: 404-873-8537
edward.marshall@agg.com

---

**From:** Kelly Johnson [mailto:kJohnson@kasowitz.com]
**Sent:** Tuesday, May 24, 2011 1:56 PM
**To:** Marshall, Edward A.
**Cc:** Paul G. Williams; David Spalten; Danielle Saxon
**Subject:** James Zimmerman et al. v. Robert R. Roche et al.: Document review

Good afternoon Ed,

1

I am writing to make arrangements to come review the 26 boxes that you have available in the above-referenced matter. I would prefer to come to your offices this week. Is that possible? If not, when would be a good time? I would like to do it sooner rather than later. Thank you for your help.

Regards,
Kelly

Kelly S. Johnson
Kasowitz, Benson, Torres & Friedman LLP
1360 Peachtree Street, N.E., Suite 1150
Atlanta, Georgia 30309
Tel. (404) 260-6112
Fax (404) 393-8943
kJohnson@kasowitz.com

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.

## Kananen, Theresa Y.

| | |
|---|---|
| **From:** | Marshall, Edward A. |
| **Sent:** | Thursday, June 09, 2011 4:59 PM |
| **To:** | Kelly Johnson |
| **Cc:** | Perlowski, Henry M.; Kananen, Theresa Y.; Chambliss, Angela O. |
| **Subject:** | QMR \ Zimmerman \ Doc Review |

Kelly,

I understand that you and Mr. Muchnick have completed your review of the twenty-six boxes we made available for inspection, and have flagged those items and/or boxes you want copied. As we discussed, we will want to review those documents for the purpose of applying confidentiality designations, but will work to get that review done quickly. To address the logistics of how to move forward, I would propose the following:

1. We will have Paragon copy and OCR the selected documents and put them in a Concordance load file.
2. We will then review the documents for purposes of applying designations under the Confidentiality Order.
3. Following our review, we will produce the documents, Bates labeled and designated, to you in a Concordance load file.
4. We will split the cost of the copying and production, with your firm bearing half the cost.

Please let me know if that is acceptable. Also, if there are any documents you or Mr. Muchnick believe are necessary to complete his calculations, but which you, for whatever reason, did not see in the boxes, please get me a list of those as soon as possible. Again, it is our goal, and that of our clients, to provide you with whatever documents are reasonably responsive to your discovery requests.

Best regards,

Ed

**Edward A. Marshall**
Partner

Arnall Golden Gregory

phone 404.873.8536
fax 404.873.8537

edward.marshall@agg.com
www.agg.com

171 17th Street NW
Suite 2100
Atlanta, GA 30363

1

## Kananen, Theresa Y.

**From:** Marshall, Edward A.
**Sent:** Thursday, July 14, 2011 1:36 PM
**To:** 'Paul G. Williams'
**Cc:** Perlowski, Henry M.; Kananen, Theresa Y.
**Subject:** Zimmerman

Paul,

Good speaking with you earlier today.

Once you are able to meet with your clients, let's plan on circling back to discuss next steps. Again, if there are any specific documents (such as the financials you alluded to) that you are unable to locate after further review, please let me know.

As I mentioned, Henry Perlowski and I will both be out for much of the next month (me in grand jury duty, Henry with his adoption), but we are happy to arrange a time to talk with you to explore whether some form of settlement dialogue would make sense. If not, however, I think it would be wise to approach the Court for an extension of the discovery period sooner rather than later. I know we have several depositions we'll want to notice if settlement talks are unfruitful, and I imagine your side will as well.

I look forward to speaking with you soon.

Best regards,

Ed



**Edward A. Marshall**
Partner

phone 404.873.8536
fax 404.873.8537

edward.marshall@agg.com
www.agg.com

171 17th Street NW
Suite 2100
Atlanta, GA 30363